HON. JAMES L. ROBART



07-CV-00378-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASTE ACTION PROJECT, | No. 2:07-CV-00378-JLR |
| Plaintiff, | |
| v. | CONSENT DECREE |
| DAYTON SUPERIOR CORPORATION, | |
| Defendant. | |

WHEREAS, Plaintiff Waste Action Project filed a Complaint against Defendant Dayton Superior Corporation on March 13, 2007, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from Defendant's facility located in Kent, Washington, seeking declaratory and injunctive relief, civil penalties and attorneys fees and costs;

WHEREAS, Defendant denies Plaintiff's claims and any liability for the alleged violations; and

WHEREAS, counsel for the parties to this action have engaged in discussions relating to the potential settlement of this litigation, which discussions have included an assessment of the

CONSENT DECREE - 1
No. 2:07-CV-00378-JLR

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

facts surrounding the alleged violations; and

WHEREAS, Defendant has undertaken, and is implementing, measures to further ensure compliance with the Clean Water Act at its facility and to address issues raised in the notices of intent to sue served by Plaintiff; and

WHEREAS, Plaintiff and Defendant agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving these actions; and

WHEREAS, Plaintiff and Defendant, by their authorized counsel and without trial or final adjudication of the issues of fact or law, with respect to Plaintiff's claims or allegations, consent to the entry of this Consent Decree in order to avoid the risks of litigation and to resolve the controversy between them.

NOW THEREFORE, without trial of any issue of fact or law, and without admission by the Defendant of the facts or violations alleged in the Complaint, and upon consent of the parties, and upon consideration of the mutual promises herein contained, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the parties and subject matter of this action;

2. The undersigned representative for each party certifies that he is fully authorized by the party or parties whom he represents to enter into the terms and conditions of this Consent Decree and to legally bind the party or parties and their successors in interest to it.

3. This Consent Decree shall apply to, and be binding upon, the parties, and upon the successors and assigns of the parties.

4. This Consent Decree shall apply to Defendant's operation of its facility located at or about 7748 South 200th, Kent, Washington 98032 (the "facility").

CONSENT DECREE - 2
No. 2:07-CV-00378-JLR

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

5. This Consent Decree constitutes a full and complete settlement of the claims alleged in the Complaint in this case and all other claims known and unknown existing as of the date of entry of this Consent Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operations of the facility identified in paragraph 4 of this Consent Decree.

6. This Consent Decree shall not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the Complaint, any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaint, or the admission or evidence of any wrongdoing or misconduct on the part of the Defendant or its successor.

7. In full and complete satisfaction of the claims covered by the Complaint filed in this case and all other claims covered by this Consent Decree, as described in Paragraph 5, Defendant agrees to abide by and be subject to the following terms and conditions:

a. Defendant shall comply fully with all conditions of its National Pollutant Discharge Elimination System Permit No. SO3004481B (the "NPDES permit") and any successor, modified, or replacement permit so long as any such permit is effective;

b. Regardless of the monitoring frequency requirements of the NPDES permit, on a monthly basis for a period of two years following entry of this Decree, Defendant shall collect stormwater samples in the manner specified by its stormwater pollution prevention plan and the NPDES permit and have such samples analyzed for the pollutant parameters required by the NPDES permit. For the purposes of this subparagraph, Defendant need not collect stormwater samples in months when precipitation is insufficient to generate a stormwater discharge from the facility, and Defendant need not collect stormwater samples if Defendant's operations at the facility cease and coverage under the NPDES permit is terminated. The results

CONSENT DECREE - 3
No. 2:07-CV-00378-JLR

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

of such additional monitoring shall be reported to the Washington Department of Ecology on discharge monitoring reports. After expiration of this two-year period of more frequent sampling, the Defendant is free to return to sampling at the frequency called for by the stormwater permit effective for the facility at that time;

    c.    If the analytical result of any monitoring instance during the two-year period of enhanced sampling called for under Section 7.b of this Decree indicates an exceedance of a zinc benchmark established by the NPDES permit, Defendant shall include in the Level One or Two response, or other response as required by the NPDES permit, specific consideration of the potential for contribution of the facility's roof and uncovered equipment to elevated zinc levels, as well as options to address these potential sources;

    d.    Defendant shall, for a period of three years beginning on the date that this Consent Decree is entered by the Court, forward copies to Plaintiff of all written or electronic communications between Defendant and the Washington Department of Ecology concerning Defendant's compliance with the NPDES permit and the Clean Water Act relating to the Kent, Washington facility, including but not limited to Discharge Monitoring Reports, Level One, Two, or Three response reports, correspondence, and inspection reports. Copies of any such written or electronic communications shall be forwarded to Plaintiff on a quarterly basis and not later than the twentieth day following the end of each calendar quarter;

    8.    Not later than thirty days after the date of entry of this Decree, Defendant shall make a payment in the amount of $39,000 (THIRTY-NINE THOUSAND DOLLARS) to King County, Washington for the Mullen Slough restoration project that is described in Attachment A to this Decree. Such payment shall be made by check payable to King County Finance, shall bear the notation "Waste Action Project v. Dayton Superior Corp." and be mailed to King

CONSENT DECREE - 4
No. 2:07-CV-00378-JLR

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

1  County Water and Land Resources Division, 201 S. Jackson Street, Suite 600, Seattle, WA 98104, Attn: Steve Oien, with a copy to Plaintiff;

9. Within 30 days of the entry of this Consent Decree, Defendant shall pay Plaintiff's reasonable attorney and expert fees and costs in the amount of $8,000 (EIGHT THOUSAND DOLLARS) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard A. Smith, in full and complete satisfaction of any claims Plaintiff may have under the Clean Water Act for attorney fees and costs.

10. The Court shall retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the parties to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Consent Decree until termination of the Consent Decree per paragraph 12. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties shall first attempt to informally resolve the dispute through meetings between the parties by serving written notice of request for resolution to the parties and their counsel of record. If no resolution is reached within thirty (30) days from the date that the notice of dispute is served, the parties may resolve the dispute by filing motions with the court.

11. The parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA pursuant to 33 U.S.C. § 1365(c)(3). Therefore, upon the signing of this Consent Decree by the parties, Plaintiff shall serve copies of it upon the Administrator of the U.S. EPA and the Attorney General.

12. This Consent Decree shall take effect on the date it is entered by the Court. This

CONSENT DECREE - 5
No. 2:07-CV-00378-JLR

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

Consent Decree shall terminate the earlier of either (a) sixty (60) days following completion of all obligations specified in paragraphs 7.b., 7.c., 7.d., 8 and 9, or (b) sixty (60) days following completion of all obligations specified in paragraphs 8 and 9 as well as Defendant's cessation of its stormwater discharge at facility and Defendant's termination of its stormwater permit for the facility.

13.   This Consent Decree may be modified only upon the written consent of the parties and the approval of the Court.

14.   If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree and the settlement embodied herein shall be voidable at the sole discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

15.   Notifications or copies required by this Consent Decree to be made to Plaintiff shall be mailed to Waste Action Project, P.O. Box 4832, Seattle, WA 98104. Notifications required by this Decree to be made to Defendant shall be mailed to Dayton Superior Corporation, 7748 South 200th, Kent, Washington 98032.

Dated and entered this 20th day of May, 2008

JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

CONSENT DECREE - 6
No. 2:07-CV-00378-JLR

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

WASTE ACTION PROJECT

Signature: *Greg Wingard*

Title: *Executive Director*

Dated: *March 14, 2008*

DAYTON SUPERIOR CORPORATION

Signature: *J/ Darley*

Title: *VP - Manufacturing*

Dated: *2/25/2008*

CONSENT DECREE - 7
No. 2:07-CV-00378-JLR

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

**King County**
**Water and Land Resources Division**
Department of Natural Resources and Parks
King Street Center
201 South Jackson Street, Suite 600
Seattle, WA 98104-3855
**206-296-6519**   Fax 206-296-0192
TTY Relay: 711

November 5, 2007

Greg Wingard
Waste Action Project
PO Box 4832
Seattle, WA 98194-0832

RE:   Proposed Restoration Activities Related to Waste Action Project v. Dayton Superior Corp. Consent Decree

Dear Mr. Wingard:

Responding to your request, included is a brief description of the restoration project King County Department of Natural Resources and Parks, Water and Land Resources Division (WLRD) would implement with funding provided through the above-referenced Consent Decree under negotiation by Waste Action Project. The restoration activity would take place on the WLRD-managed property near the mouth of Mullen Slough.

Mullen Slough is a perennial tributary to the Green River that dissects the property on which restoration would take place. This stream provides off-channel habitat for rearing salmonids, as well as flood refugia and over-wintering habitat. Restoring this property was identified as a priority for salmon recovery in the 2005 WRIA 9 Salmon Habitat Plan (Project LG-7). WLRD has been regularly implementing restoration projects on the site to replace invasive vegetation such as blackberries with native trees and shrubs. The goal of these previously implemented restoration efforts was to improve aquatic and terrestrial habitat for fish and wildlife and to improve water quality.

We understand that $39,000 would be provided to WLRD via the Consent Decree currently being negotiated in the matter of Waste Action Project v. Dayton Superior Corp. This funding would allow WLRD to continue restoration efforts at the Mullen Slough property. Specific restoration activities would include removing previously placed landscape fabric, planting native trees and shrubs, managing invasive plants such as blackberry, and collecting/disposing of human-generated debris. WLRD would work with local conservation crews to implement these tasks.

My staff would be happy to escort you or others associated with the Consent Decree to the site for a field visit. We also intend to provide the Court and the United States Department of Justice

Greg Wingard
November 5, 2007
Page 2

with verification that the funds were expended toward the tasks delineated above, with a copy of such correspondence forwarded to Waste Action Project. WLRD currently intends to manage and maintain this site in perpetuity.

Thank you for providing us with a draft copy of the Consent Decree; we have reviewed it internally. We look forward to working with you on this project and are confident that you will be pleased with how the funds are expended.

If you have any questions or would like further information regarding these restoration activities, please do not hesitate to contact me or one of the following WLRD staff: Clint Loper, Watershed Stewardship Unit Manager, at 206-296-8378, or Josh Kahan, Green River Basin Steward, at 206-296-8052.

Sincerely,

Mark Isaacson
Director

MI:tv  F2341

cc:   Bill Eckel, Manager, Office of Rural and Resource Programs, Water and Land Resources
        Division (WLRD), Department of Natural Resources and Parks (DNRP)
      Clint Loper, Watershed Stewardship Unit Manager, WLRD, DNRP
      Josh Kahan, Green River Basin Steward, WLRD, DNRP